Turley, J.,
delivered the opinion of the court.
Two questions are presented for consideration in this case.
1. Did the court below err in refusing to grant a new trial, because of misdirection to the jury? The plaintiff had exposed to public sale a lot of negroes for cash; at the sale the defendant was the highest and best bidder, and the negroes were struck off to him by the auctioneer who cried the sale.' One of the negroes, named Lewis, was bought at the price of $ 680. None of the negroes were proven to have been delivered on the day of sale, nor that any part of the purchase money was paid. During the ensuing night Lewis died suddenly, and the defendant refused to pay the price bid forff him.
On the trial the court charged the jury, “That in this case it was necessary to prove a delivery of the negro, actually or constructively, actually, as where the property is received by the vendee, or tendered by the vendor; constructively, as if a man contracts for property not present, but pays the consideration. That if there had been no delivery, or tender of the negroes, nor possession taken by the defendant, they would find for the defendant, otherwise for the plaintiff.” This charge is erroneous, because it asserts that there can be no binding sale until there has been either a delivery or tender of the property sold, or until the defendant takes it into *26 possession; and as consequent thereon, that if the property should be suddenly destroyed before either 'of these things are done, that it is the loss of the vendor and not of the vendee.
It is not the delivery or tender of the property, nor the payment or tender of the purchase money, which constitutes a sale. The sale is good and complete so soon as both parties have agreed to the terms; that is, so soon as the vendee says, “I will pay the price demanded,” and the vendor says, ££I will receive it,” the rights of both are instantly fixed. The vendee has a right to demand the thing sold immediately, but must pay the consideration. The vendor the right to demand the consideration money, but must deliver the property. If the vendee tender the purchase money and demand the property, he may maintain detinue or trover if the delivery be refused. If the vendor tender the delivery of the property, and demand his purchase money, he may have his action of debt or assumpsit, if it be refused. This shows most clearly that it is the contract of sale, which creates their mutual rights, and not the things to be done by the parties afterwards; for if it were not so, no tender of money by the vendee could give him the right to the property of the vendor, nor any tender of property by the vendor a right to the money of the vendee. It being the contract of sale then which changes the right to the possession of the property; it necessarily follows, that the right to the possession is changed from the Foment the contract is made, and that any loss or injury to e property, after that period of time, is the loss of the vendee, whether ’this loss be partial or total. If the negro in dispute had lost a limb after the sale and before the delivery, no one would have doubted that it was the loss of the vendee, because a delivery could still be made; but inasmuch as he died, so that no delivery could be made, a different rule of construction is asked, though, as we think, without reason.
In the case of Shaw vs. Smith, 9 Yer. 97; this court has said, in relation to rights acquired under a sheriff’s sale, “that the contract was complete, so soon as the negroes were *27 struck off to the plaintiff as the highest bidder. He thereby acquired from the sheriff all the property in the negroes, which had existed in the defendant in the execution at the time of the levy, and in consideration thereof he was bound to pay the price he had bid.” This is conclusive upon the point under consideration. We therefore think that the court erred in refusing to grant a new trial on the first proposition.
2. Did the court err in refusing to grant a new trial upon the newly discovered testimony as set forth in the affidavits of Bryan Holloway and James E. Munford? The testimony was material according to the view taken of the case by the court below; it proved a possession of the negro in dispute by the defendant after the sale: the testimony was discovered after the trial, and the affidavit of Munford, the attorney, shows that exertion had been made before the trial to procure such testimony, but without success. There is no want of requisite diligence on the part of the plaintiff so far as we have been able to see. We think that a new trial ought be granted also for this cause.
The judgment will be reversed and the cause remanded for a, new trial.